|  |  |
|---|---|
| DWAYNE COOKE, | No. 2:23-cv-00934 DB P |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| A. LUCCA, | |
| Defendant. | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. §1983. Plaintiff claims that defendant failed to timely stop another prisoner from assaulting plaintiff. Presently before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 2) and his complaint (ECF No. 1) for screening. For the reasons set forth below, the undersigned will grant the motion to proceed in forma pauperis and dismiss the complaint with leave to amend.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §1915(b)(1). By separate order, the court will direct

1

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

**I. Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. §1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the

1   allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
2   738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
3   doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
4       The Civil Rights Act under which this action was filed provides as follows:
5   Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of
6   the United States . . . to the deprivation of any rights, privileges, or immunities secured by the
7   Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other
8   proper proceeding for redress. 42 U.S.C. § 1983. The statute requires that there be an actual
9   connection or link between the actions of the defendants and the deprivation alleged to have been
10  suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode,
11  423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right,
12  within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative
13  acts or omits to perform an act which he is legally required to do that causes the deprivation of
14  which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
15      Moreover, supervisory personnel are generally not liable under § 1983 for the actions of
16  their employees under a theory of respondeat superior and, therefore, when a named defendant
17  holds a supervisorial position, the causal link between him and the claimed constitutional
18  violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);
19  Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations
20  concerning the involvement of official personnel in civil rights violations are not sufficient. See
21  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).
22  **II. Allegations in the Complaint**
23      Plaintiff states that at all relevant times, he was incarcerated at the California Health Care
24  Facility in Stockton, California. (ECF No. 1 at 1.) He names A. Lucca, a correctional officer, as
25  defendant. (Id. at 2.)
26      The complaint alleges that on July 24, 2022, another prisoner named Lipani began to
27  assault plaintiff. (Id. at 3.) Plaintiff states that he uses a wheelchair and "struggled to get up
28  [and] defend himself." (Id.) He claims that defendant did not respond to the assault for two to

three minutes because defendant was not at his assigned location when the assault began.  (Id.)
As a result, plaintiff allegedly sustained a bruised eye socket.  (Id.)

**III.  Does Plaintiff State a Claim under § 1983?**

    **A.  Failure to Protect**

Prison officials have a duty "to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners." Labatad v. Corrs. Corp. of America, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing Farmer, 511 U.S. at 832-33; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005)).  To establish a violation of this duty, a prisoner must "show that the officials acted with deliberate indifference to threat of serious harm or injury to an inmate." Labatad, 714 F.3d at 1160 (citing Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002)).

    A failure to protect claim under the Eighth Amendment requires a showing that "the official [knew] of and disregard[ed] an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837.  Because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment," a plaintiff must allege facts showing the defendant acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 297 (1991) (internal quotations marks, emphasis, and citations omitted).

    **B.  Analysis**

    The complaint does not state a cognizable Eighth Amendment claim.  Plaintiff has not pleaded sufficient facts to establish that defendant was aware that Lipani posed a threat of serious harm or injury to plaintiff when he left his post. Farmer, 511 U.S. at 837.  Negligence does not give rise to an Eighth Amendment violation. Id. at 835.

    Accordingly, plaintiff has failed to state a cognizable claim.  He will be granted leave to file an amended complaint.

## AMENDING THE COMPLAINT

    For the reasons stated above, the complaint does not state a cognizable claim and plaintiff will be granted leave to file an amended complaint.  Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated

1    his constitutional rights.  The court is not required to review exhibits to determine what plaintiff's

2    charging allegations are as to each named defendant.  The charging allegations must be set forth

3    in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting.

4    That said, plaintiff need not provide every detailed fact in support of his claims.  Rather, plaintiff

5    should provide a short, plain statement of each claim.  See Fed. R. Civ. P. 8(a).

6             Any amended complaint must show the federal court has jurisdiction, the action is brought

7    in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must

8    contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

9    personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

10   Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation

11   of a constitutional right if he does an act, participates in another's act or omits to perform an act

12   he is legally required to do that causes the alleged deprivation).

13            In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

14   R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.

15   R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

16   occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

17            The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d

18   1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

19   heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

20   84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

21   set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema

22   N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

23   which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

24            An amended complaint must be complete in itself without reference to any prior pleading.

25   E.D. Cal. R. 220.  Once plaintiff files an amended complaint, all prior pleadings are superseded.

26   Any amended complaint should contain all of the allegations related to his claim in this action.  If

27   plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended

28   complaint.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."

5. Failure to comply with this order will result in a recommendation that this action be dismissed.

6. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Dated:  December 8, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:9/DB Prisoner Inbox/Civil Rights/S/cook0934.scrn LTA